**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| ROBERT WAINWRIGHT, | § | |
| Reg. No. 09330-027, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-11-CV-184-KC |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Robert Wainwright's ("Wainwright") *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Therein, Wainwright, a prisoner at the Federal Correctional Institution–La Tuna, in Anthony, Texas, challenges his conviction in the United States District Court for the Northern District of Indiana[1] for being a felon in possession of a firearm in or affecting commerce, in violation of 18 U.S.C. § 922(g)(1).[2] Mindful of Wainwright's *pro se* status, the Court has liberally read his petition.[3] The Court understands him to allege that his trial counsel provided constitutionally ineffective assistance when he failed to (1) move to dismiss the indictment because the State of Indiana had restored his civil rights upon

---

[1] *United States v Wainwright*, 2:07-CR-102-RL (N.D. Ind. Sep. 16, 2009).

[2] *See* 18 U.S.C.A. § 922(g)(1) (West 2009) ("It shall be unlawful for any person ... who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.").

[3] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (explaining liberal construction allows active interpretation of a *pro se* pleading to encompass any allegation which may raise a claim for federal relief).

the completion of his parole,[4] (2) object to the jurisdiction of the trial court because § 922 was not an "Act of Congress,"[5] (3) move to dismiss when the Government failed to prove his intent[6] or that the weapons in his possession had a substantial effect on commerce,[7] and (4) challenge the constitutionality of § 922(g) because it denied him a right secured by the Second

---

[4] Pet. 3 [ECF No. 1-1] (citing 18 U.S.C. § 922(a)(33)(B)(ii) ("A person shall not be considered to have been convicted of such an offense for purposes of this chapter if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."); *Jones v. United States*, 526 U.S. 227 (1999) ( holding that provisions of the carjacking statute which established higher penalties when the offense resulted in serious bodily injury or death set forth additional elements of the offense, not mere sentencing considerations)).

[5] *Id.* (citing *Hamdi v. Rumsfeld*, 542 U.S. 507 (2004) (holding that due process required that United States citizen being held as enemy combatant be given meaningful opportunity to contest factual basis for his detention); *Frohwerk v. United States*, 249 U.S. 204 (1919) (involving the prosecution and punishment for the publication of articles critical of the war effort in World War I); *United States v. Flores*, 289 U.S. 137 (1933) (explaining that it was the duty of the courts to apply statutes, interpreted in the light of recognized principles of international law, to offenses committed by its citizens on vessels flying its flag)).

[6] *Id*. (citing *Ratzlaf v. United States*, 510 U.S. 135 (1994) (holding that to establish the defendant willfully violated the anti-structuring law, the Government must prove the defendant acted with knowledge that his conduct was unlawful); *Liparota v. United States*, 471 U.S. 419 (1985) (holding that the offense of unlawfully acquiring and possessing food stamps has a mens rea requirement and the Government had to prove that a defendant knew that his acquisition or possession of food stamps was in a manner unauthorized by statute or regulations)).

[7] *Id*. (citing *United States v. Lopez*, 514 U.S. 549 (1995) (holding that the Gun-Free School Zones Act, making it federal offense for any individual knowingly to possess firearm at place that individual knows or has reasonable cause to believe is school zone, exceeded Congress' Commerce Clause authority, since the possession of gun in local school zone was not economic activity that substantially affected interstate commerce); *United States v. Bass*, 404 U.S. 336 (1971) (holding that the phrase "commerce or affecting commerce" in statute providing for a fine and sentence for any person who has been convicted of a felony and who receives, possesses, or transports in commerce or affecting commerce any firearm, applies to "receives," "possesses," and "transports"; thus, the Government must prove as an essential element of the offense that a receipt, possession, or transportation was "in commerce or affecting commerce")).

Amendment.[8]

"Where a statute specifically addresses the particular issue at hand, it is that authority ... that is controlling."[9] A sentenced prisoner may bring a petition for a writ of habeas corpus pursuant to § 2241 to challenge "the manner in which a sentence is carried out or the prison authorities' determination of its duration."[10] In the instant case, however, Wainwright challenges his conviction. The "primary means of collateral attack on a federal sentence" is a motion to vacate, set aside, or correct a sentence, pursuant to 28 U.S.C. § 2255.[11]

There is a "savings clause" in § 2255 which acts as a limited exception to the general rules outlined above.[12] A federal court may consider a petition filed under § 2241 which challenges a federally imposed sentence when the petitioner establishes that the § 2255 remedy is "inadequate or ineffective."[13] In order to meet the stringent "inadequate or ineffective" requirement, the claim must be "based on a retroactively applicable Supreme Court decision

---

[8] *Id*. (citing *District of Columbia v. Heller*, 554 U.S. 570 (2008) (holding that the Second Amendment conferred an individual right to keep and bear arms, statutes banning handgun possession in the home violated Second Amendment, and a statute containing prohibition against rendering any lawful firearm in the home operable for purpose of immediate self-defense violated Second Amendment); *McDonald v. Chicago*, -- U.S. --, 130 S.Ct. 3020 (2010) (holding that the Second Amendment right to keep and bear arms is fully applicable to the States by virtue of Fourteenth Amendment)).

[9] *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (citing *Pennsylvania Bureau of Corr. v. United States Marshals Service*, 474 U.S. 34, 43 (1985)).

[10] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).

[11] *Id*.

[12] *See* 28 U.S.C.A. § 2255(e) (West 2011) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.") (emphasis added).

[13] *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

which establishes that the petitioner may have been convicted of a nonexistent offense" and the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."[14] Thus, three issues are relevant analytically. First, there must be a Supreme Court decision with retroactive effect. Second, the Supreme Court decision must establish that the § 2241 petitioner may have been convicted of a nonexistent offense. Third, the petitioner's claim must have been precluded by established circuit law at the time of petitioner's trial, appeal or first § 2255 motion. A petitioner must prove all three elements to successfully invoke the savings clause.[15]

Here, Wainwright does not identify a Supreme Court decision with retroactive effect which supports his claims. Moreover, in the only opinion cited by Wainwright which was handed down after the jury found him guilty of being a felon in possession of a firearm, the Supreme Court explained, "[w]e made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill.'"[16] Thus, Wainwright cannot show that the jury convicted him of a nonexistent offense. Wainwright has failed to sustain his burden of establishing that § 2255 provides an "inadequate or ineffective" remedy.[17]

Consequently, the Court finds that Wainwright should bring his claims in a § 2255 motion, not a § 2241 petition. A § 2255 movant may, however, only bring his motion in the

---

[14] *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

[15] *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).

[16] *See McDonald v. Chicago*, -- U.S. at --, 130 S.Ct. at 3047 (quoting *Heller*, 554 U.S. at 626-27).

[17] *Pack*, 218 F.3d at 451.

district of conviction and sentence, which in this case is the United States District Court for the Northern District of Indiana.[18] The Court, therefore, concludes it does not have the subject-matter jurisdiction to hear Wainwright's claims.[19]

Accordingly, after due consideration, the Court enters the following orders:

1. The Court **DISMISSES WITHOUT PREJUDICE** Petitioner Robert Wainwright's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.

2. The Court **DENIES** all pending motions in this cause, if any, as **MOOT**.

**SO ORDERED**.

**SIGNED** on this 19th day of **May, 2011.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[18] *Id.* at 452.

[19] *See Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) (noting that only sentencing court has jurisdiction to address § 2255 motion).