UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ROBERT WAINWRIGHT, | § | |
| Reg. No. 09330-027, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-11-CV-184-KC |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## ORDER

Before the Court is Petitioner Robert Wainwright's ("Wainwright") *pro se* motion for relief from a judgment [ECF No. 9]. Therein, Wainwright, a federal prisoner currently incarcerated at the La Tuna Federal Correctional Institution, in Anthony, Texas, petitions "this Court for refiling, nunc pro tunc, of [his 28 U.S.C.] § 2241 petition as a petition for writ of habeas corpus ad subjiciendum, with immediate appointment of counsel, and rehearing, or hearing in banc, after proper briefing by counsel."[1]

In his original § 2241 petition [ECF No. 3], Wainwright challenged his conviction in the United States District Court for the Northern District of Indiana[2] for being a felon in possession of a firearm in or affecting commerce, in violation of 18 U.S.C. § 922(g)(1).[3] Wainwright asserted that his trial counsel provided constitutionally ineffective assistance when he failed to

---

[1] Pet'r's Mot. 2.

[2] *United States v Wainwright*, 2:07-CR-102-RL (N.D. Ind. Sep. 16, 2009).

[3] *See* 18 U.S.C.A. § 922(g)(1) (West 2009) ("It shall be unlawful for any person ... who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.").

(1) move to dismiss the indictment because the State of Indiana had restored his civil rights upon the completion of his parole,[4] (2) object to the jurisdiction of the trial court because § 922 was not an "Act of Congress,"[5] (3) move to dismiss when the Government failed to prove his intent[6] or that the weapons in his possession had a substantial effect on commerce,[7] and (4) challenge the constitutionality of § 922(g) because it denied him a right secured by the Second

---

[4] Pet'r's Pet. 3 (citing 18 U.S.C. § 922(a)(33)(B)(ii) ("A person shall not be considered to have been convicted of such an offense for purposes of this chapter if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."); *Jones v. United States*, 526 U.S. 227 (1999) ( holding that provisions of the carjacking statute which established higher penalties when the offense resulted in serious bodily injury or death set forth additional elements of the offense, not mere sentencing considerations)).

[5] *Id.* (citing *Hamdi v. Rumsfeld*, 542 U.S. 507 (2004) (holding that due process required that United States citizen being held as enemy combatant be given meaningful opportunity to contest factual basis for his detention); *Frohwerk v. United States*, 249 U.S. 204 (1919) (involving the prosecution and punishment for the publication of articles critical of the war effort in World War I); *United States v. Flores*, 289 U.S. 137 (1933) (explaining that it was the duty of the courts to apply statutes, interpreted in the light of recognized principles of international law, to offenses committed by its citizens on vessels flying its flag)).

[6] *Id*. (citing *Ratzlaf v. United States*, 510 U.S. 135 (1994) (holding that to establish the defendant willfully violated the anti-structuring law, the Government must prove the defendant acted with knowledge that his conduct was unlawful); *Liparota v. United States*, 471 U.S. 419 (1985) (holding that the offense of unlawfully acquiring and possessing food stamps has a mens rea requirement and the Government had to prove that a defendant knew that his acquisition or possession of food stamps was in a manner unauthorized by statute or regulations)).

[7] *Id*. (citing *United States v. Lopez*, 514 U.S. 549 (1995) (holding that the Gun-Free School Zones Act, making it federal offense for any individual knowingly to possess firearm at place that individual knows or has reasonable cause to believe is school zone, exceeded Congress' Commerce Clause authority, since the possession of gun in local school zone was not economic activity that substantially affected interstate commerce); *United States v. Bass*, 404 U.S. 336 (1971) (holding that the phrase "commerce or affecting commerce" in statute providing for a fine and sentence for any person who has been convicted of a felony and who receives, possesses, or transports in commerce or affecting commerce any firearm, applies to "receives," "possesses," and "transports"; thus, the Government must prove as an essential element of the offense that a receipt, possession, or transportation was "in commerce or affecting commerce")).

Amendment.[8] The Court dismissed Wainwright's petition after it determined that he should have brought his claims in a § 2255 motion, not a § 2241 petition.

In his instant motion, Wainwright asserts the Court "denied [his] motion for counsel, thereby denying [him] the right to correctly file and brief [his] case in order to access the Court."[9] He also claims the Supreme Court held in *United States v. Bass*[10] that "§ 922(g) . . . does not reach possessions or intrastate transactions at all, even those with an interstate commerce nexus. This applies in my case."[11]

Federal Rule of Civil Procedure 60(b) applies to those cases in which the true merits might never be considered because of technical error, or fraud or concealment by the opposing party, or the court's inability to consider fresh evidence.[12] Rule 60(b)(6) permits a district court to grant relief from a final judgment, order, or proceeding for "any other reason that justifies relief."[13] However, relief under this "catch-all" provision is available "only if extraordinary

---

[8] *Id.* (citing *District of Columbia v. Heller*, 554 U.S. 570 (2008) (holding that the Second Amendment conferred an individual right to keep and bear arms, statutes banning handgun possession in the home violated Second Amendment, and a statute containing prohibition against rendering any lawful firearm in the home operable for purpose of immediate self-defense violated Second Amendment); *McDonald v. Chicago*, -- U.S. --, 130 S.Ct. 3020 (2010) (holding that the Second Amendment right to keep and bear arms is fully applicable to the States by virtue of Fourteenth Amendment)).

[9] Pet'r's Mot. 1.

[10] 404 U.S. 336.

[11] Pet'r's Mot. 2.

[12] *Fackelman v. Bell*, 564 F.2d 734, 735 (5th Cir. 1977).

[13] Fed. R. Civ. P. 60(b)(6).

circumstances are present."[14]

The Court has the discretion to appoint counsel in a § 2241 proceeding if it " determines that the interests of justice so require."[15] In the instant case, however, the claims raised by Wainwright were not particularly complex. His *pro se* pleadings adequately highlighted the issues and the pertinent facts. "Under these circumstances, appointment of counsel would [have been] a waste of judicial resources."[16]

Moreover, the statutory language at issue in *Bass* also made it a criminal offense for a felon "to receive, possess, or transport in commerce or affecting commerce any firearm."[17] In *Bass*, the Supreme Court did hold that "we do not interpret [18 U.S.C. App.] § 1202(a) to reach the 'mere possession' of firearms."[18] However, the Supreme Court later clarified this holding in *Scarborough v. United States*[19] and explained that Congress intended to "reach possessions broadly" by requiring only a "minimal nexus" with interstate commerce.[20] Further, the Court held in *Scarborough* that the Government could satisfy the nexus requirement by proving that a

---

[14] *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)).

[15] 18 U.S.C.A. § 3006A(a)(2) (West 2011).

[16] *Schwander v. Blackburn*, 750 F.2d 494, 503 (5th Cir. 1985).

[17] 18 U.S.C. App. § 1202(a)(1) (superseded by Pub. L. 99-308, § 104(b), May 19, 1986, 100 Stat. 459).

[18] *Bass*, 404 U.S. at 350.

[19] 431 U.S. 563 (1977).

[20] *Id.* at 575.

firearm had "at some time" traveled in interstate commerce.[21] Therefore, the Court does not agree with Wainwright's assertion that "§ 922(g) . . . does not reach possessions or intrastate transactions at all, even those with an interstate commerce nexus."[22]

Therefore, after due consideration, the Court finds that there are no extraordinary circumstances in this case which would justify relief under Federal Rule of Civil Procedure 60(b)(6), and the Court concludes that Petitioner Robert Wainwright's motion [ECF No. 9] should be, and accordingly is, **DENIED**.

**SO ORDERED**.

**SIGNED** this 10th day of **August 2011.**

_____
**KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE**

---

[21] *Id.*

[22] Pet'r's Mot. 2.